**ADANTE D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140
Oakland, CA 94612
Tel: (510) 929-5400
Website: www.LAWYERSFTP.COM
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORELL SHIFLETT, an individual ) | Case No.: |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| v. ) | (42 U.S.C. § 1983) |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| CITY OF SAN LEANDRO, a municipal ) | |
| corporation; DOES 1-50, inclusive. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## INTRODUCTION

1.  On or about the night of October 6th, 2019, Sorrell Shiflett was walking to a friend's home with his cousin. Mr. Shiflett and his cousin were not engaged in any criminal activity. Yet for unknown reasons, officers of the San Leandro Police Department attempted to contact and detain the two men.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

2.      Mr. Shiflett has been disabled for the past 11 years as the result of a traumatic brain injury.  As a consequence of his medical condition, Mr. Shiflett's speech is slowed, has visible scars on his head and has an affect that makes it readily apparent he suffers from a disability. Although his disability does not make him a threat to others, it does make it difficult for him to clearly communicate and understand what others are saying to him.

3.      Mr. Shiflett, in fear and unable to understand what the officers were saying, initially attempted to run home so that his father could explain to the police his son's disability. However, he soon turned around and walked back towards the officers.

4.      Inexplicably, the officers attacked Mr. Shiflett. At least one officer deployed their Taser on him, hitting him in the chest and hand. Mr. Shiflett told the officers that he was disabled. Displaying both shocking cruelty and a total disregard for Mr. Shiflett's disclosed disability, the officers repeatedly hit him in the head with a baton. Officers him a brain bleed and torn ligaments to shoulder, dropped him off at a hospital and never explained their conduct.



**COMPLAINT FOR DAMAGES**
**SHIFLETT V. CITY OF SAN LEANDRO**

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

**JURISDICTION**

5.      This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in SAN LEANDRO, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

**PARTIES**

6.      Plaintiff SORRELL SHIFLETT is a resident of Alameda County and a citizen of the United States.

7.      Defendant CITY OF SAN LEANDRO ("Defendant City") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN LEANDRO POLICE DEPARTMENT.

8.      Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

9.      In doing the acts alleged herein, Defendants and each of them, acted within the course and scope of their employment for the CITY OF SAN LEANDRO.

10.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## FACTUAL ALLEGATIONS

12.     On or about the night of October 6, 2019, Sorrell Shiflett and his cousin were walking on Davis Street in San Leandro to a friend's house. The two men were not engaged in any criminal activity.

13.     While Mr. Shiflett and his cousin were walking on Davis Street, yet-to-be-identified officers of the San Leandro Police Department shone a spotlight on the men and attempted to detain them.

14.     As a result of the severe brain injury Mr. Shiflett suffered 11 years prior to this incident, he is disabled. Doctors placed a metal plate inside Mr. Shiflett's head as part of the treatment for his brain injury. He still has visible scars on his head from the surgery. Mr. Shiflett's disability does not make him a danger to himself or others. One symptom of Mr. Shiflett's disability is Broca's aphasia, a condition which makes it difficult for him to communicate what he is thinking and comprehend what others are saying.

15.     When the yet-to-be-identified officers attempted to detain Mr. Shiflett, he was afraid and concerned the Officers would overreact because of his disability. This fear was amplified by the officers aggressively approaching him.  Mr. Shiflett initially attempted to run

home so that this father could explain his condition to the officers. However, Mr. Shiflett quickly changed his mind, deciding instead to try to explain the situation to the officers himself. He turned around and walked back towards the officers.

16.     As Mr. Shiflett walked back towards the officers, they violently confronted him. At least one officer deployed their Taser on Mr. Shiflett, hitting him in the hand and chest.

17.      On information and belief, either Mr. Shiflett or his cousin told the officers that Mr. Shiflett was disabled during the encounter. In blatant disregard for Mr. Shiflett's disability, the officers struck Mr. Shiflett with batons multiple times, including at least one blow to his head. The yet-to-be-identified officers then threw Mr. Shiflett to the ground. Cruelly, they pushed his head down into the cement as they handcuffed him.

18.     The officers' brutal assault left Mr. Shiflett with significant and lasting physical, mental and emotional injuries including, but not limited to, brain bleeds, strokes and a dislocated shoulder.

19.     San Leandro officers refused to identify themselves to the family, dropped of Mr. Shiflett at the hospital and never explained their conduct. None of the officers pressed criminal charges and have worked to conceal their identities.

## **DAMAGES**

20.     As a proximate result of each of the Defendants' negligence, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and loss of sense of security and dignity as United States Citizens.

21.     The conduct of the Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendants.

/

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

POINTER & BUENA, LLP - LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(PLAINTIFF against Defendant DOES 1-50)*

22.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

23.     Plaintiff was not threatening physically or verbally any deputies or anyone else when Defendants used force. Therefore, the use of any force, including the use of Tasers, batons, and mashing Plaintiff's head into the ground was unlawful and excessive. Defendants' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

24.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Unlawful Seizure under 42 U.S.C. Section 1983)**
*(PLAINTIFF against Defendant DOES 1-50)*

25. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

26.     Defendants had no probable cause and/or reasonable suspicion to detain, arrest or use any force against Plaintiff. Defendants' conduct amounted to an unlawful seizure, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

27.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Title II of Americans with Disabilities Act)**
*(PLAINTIFF against CITY OF SAN LEANDRO and DOES 1-50)*

28.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

29.     As against Defendant CITY, and/or DOES 1-50, failed to reasonably accommodate Plaintiff's disability due to his brain injury under Title II of the Americans with Disabilities Act and from excluding qualified individuals from participating in or denying benefits and services provided by Defendant CITY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities Act, resulting in refusal to adequately accommodate Plaintiff's disability during the course of the subject-incident. Plaintiff informed Defendant DOES 1-50 of his disability during the course of the subject-incident and the visible scars on Plaintiff's head further confirmed his disability, which is a recognized and protected disability. Defendant DOES 1-50 and CITY knew or should have known that striking Plaintiff in the head with batons and mashing his head against the concrete would foreseeably cause significantly more injury because of Plaintiff's disability than would be suffered by other members of the public who are detained by the officers. As a result of refusing to reasonably accommodate Plaintiff's disability, Defendant DOES 1-50 and CITY caused Plaintiff to suffer multiple brain bleeds that resulted in strokes.

30.     As against Defendant CITY and DOES 1-50, at the time Defendant COUNTY and DOES 1-50 knew and/or had reason to know that Plaintiff had a disability as a result of a head injury, and yet Defendant DOES 1-50 still applied excessive force to Plaintiff's head, greatly exacerbating the exact injury that caused Plaintiff's disability.

POINTER & BUENA, LLP - LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

31.     The aforementioned conduct of Defendants CITY and DOES 1-50, in failing to reasonably accommodate Plaintiff's disability and targeting Plaintiff's head after learning of his head injury, discriminated against Plaintiff by reason of his recognized disability.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### **JURY DEMAND**

32.     Plaintiff hereby demands a jury trial in this action.

### **PRAYER**

Wherefore, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendant DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law;

5. For cost of suit herein incurred;

6. For such other and further relief as the Court deems just and proper.


Dated:  October 5, 2021                    **POINTER & BUELNA, LLP**
                                           **LAWYERS FOR THE PEOPLE**

                                           /s/Patrick Buelna
                                           PATRICK BUELNA
                                           ADANTE POINTER
                                           Attorney for PLAINTIFF

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400