1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

SORRELL SHIFLETT,

Plaintiff,

v.

CITY OF SAN LEANDRO, et al.,

Defendants.

Case No. 21-cv-07802-LB

**ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM**

Re: ECF No. 62

## INTRODUCTION

The plaintiff, who has been mentally disabled since a 2008 traumatic brain injury, sued the City of San Leandro and two of its police officers for excessive force during a 2019 consensual stop. As the plaintiff was walking with his cousin to find a friend's house, a local resident called the police to report the men as suspicious. After the defendant officers Anthony Pantoja and Ismael Navarro began speaking with him, the plaintiff ran. The officers pursued him, struck him with a baton, and tased him. He suffered brain bleeding leading to strokes and a dislocated shoulder. In this lawsuit, he claims excessive force and unlawful seizure under the Fourth

United States District Court
Northern District of California

1    Amendment and failure to reasonably accommodate his disability under Title II of the Americans

2    with Disabilities Act.[1]

3        The plaintiff moved to appoint Kelley Davenport, his mother and caregiver, as his guardian ad

4    litem. Relying on the report of a neuropsychologist, he contends that he is incompetent.[2] The

5    defendants oppose the motion, contending that more information is needed to know whether the

6    plaintiff is incompetent. They request an evidentiary hearing and/or an independent medical

7    examination.[3] They have been provided with many of the plaintiff's medical records, which they

8    did not discuss in their opposition.[4]

9        The court held a hearing on April 6, 2023. The court grants the motion: a preponderance of the

10   evidence shows that the plaintiff is incompetent, and Ms. Davenport is a suitable guardian ad litem

11   without any conflicts of interest.

12                                        **LEGAL STANDARD**

13       "A minor or an incompetent person who does not have a duly appointed representative may

14   sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or

15   issue another appropriate order — to protect a minor or incompetent person who is unrepresented

16   in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined by the law of

17   the individual's domicile. Fed. R. Civ. P. 17(b)(1). In California, a party is incompetent if he lacks

18   the capacity to understand the nature or consequences of the proceeding, or is unable to assist

19   counsel in the preparation of the case. *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)

20   (applying this standard to dependency proceedings); *see also* Cal. Prob. Code § 1801; Cal. Pen.

21   Code § 1367; *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001).

22       A court may find a party incompetent only if a preponderance of the evidence supports that

23   conclusion. *In re Sara D.*, 87 Cal. App. 4th at 667. "California law adopts a broad view of

24

25   [1] Am. Compl. – ECF No. 35. Citations refer to material in the Electronic Case File (ECF); pinpoint
26   citations are to the ECF-generated page numbers at the top of documents.

     [2] Mot. – ECF No. 62.
27   [3] Opp'n – ECF No. 65.

28   [4] Reply – ECF No. 67.

United States District Court
Northern District of California

1   relevance, and a state court of appeal has emphasized a trial judge's 'duty . . . to clearly bring out

2   the facts.'" *Brooks v. Premier Apartments LLC*, No. LACV 18-07872-VAP (AFMx), 2018 WL

3   11464786, at *1 (C.D. Cal. Nov. 27, 2018) (quoting *In re Conservatorship of Pamela J.*, 133 Cal.

4   App. 4th 807, 827–28 (2005)).

5       A range of evidence may be considered when determining a party's competency, including

6   sworn declarations from those who know the allegedly incompetent person, the representations of

7   counsel, medical records or diagnoses, a report of mental disability by a government agency, and

8   the court's own observations, interactions, and direct questioning of the party. *See, e.g.*, *Brooks*,

9   2018 WL 11464786, at *1–2 (collecting cases). A guardian ad litem may be appointed for an

10  incompetent adult only if he or she consents to the appointment or upon notice and hearing.

11  *Jessica G.*, 93 Cal. App. 4th at 1187–88.

12      The court "has broad discretion in ruling on a guardian ad litem application." *Williams v.*

13  *Super. Ct.*, 147 Cal. App. 4th 36, 47 (2007). "The purpose of Rule 17(c) is to protect an

14  incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d

15  1303, 1310 (9th Cir. 2014) (cleaned up). The guardian ad litem must be "truly dedicated to the

16  best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*,

17  143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (cleaned up). When considering the appropriate

18  guardian ad litem, courts may look to the candidate's relationship with the party and his

19  experience, objectivity, and expertise. *Id.*

20      In the case of parent representatives, "[w]hen there is a potential conflict between a perceived

21  parental responsibility and an obligation to assist the court in achieving a just and speedy

22  determination of the action, a court has the right to select a guardian ad litem who is not a parent if

23  that guardian would best protect the child's interests." *Williams*, 147 Cal. App. 4th at 49 (cleaned

24  up). Thus, "if the parent has an actual or potential conflict of interest with his child, the parent has

25  no right to control or influence the child's litigation." *Id.* at 50. If, on the other hand, "a parent

26  brings an action on behalf of a child, and it is evident that the interests of each are the same, no

27  need exists for someone other than the parent to represent the child's interests under Rule 17(c)."

28  *J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal.

United States District Court
Northern District of California

Sept. 16, 2016) (collecting cases). "In the absence of a conflict of interest, the appointment is usually made on application only and involves little exercise of discretion." *Williams*, 147 Cal. App. 4th at 47 (cleaned up).

## ANALYSIS

The complaint alleges that the plaintiff is mentally disabled from a traumatic brain injury suffered in 2008.[5] In moving to appoint a guardian ad litem, the plaintiff submitted a report and letter from neuropsychologist Edgar Angelone, who diagnosed the plaintiff with major neurocognitive disorder (aggravated by the brain injury at issue here), personality changes, and post-traumatic stress disorder. Dr. Angelone opines that the plaintiff suffered a second traumatic brain injury during the events at issue here, and that he now requires twenty-four hour care (for the rest of his life) and lacks "the capacity to be deposed or [to] stand [] trial."[6] For example, whereas he was able to visit "Japan and navigate the country by himself without difficulties before the 2019 incident," he now "needs total assistance for even short trips to the store."[7] He also now has difficulty with such tasks as reading and writing, "understanding new instructions," and "remaining awake and alert."[8] The plaintiff thus seeks to appoint his mother, Kelley Davenport, as his guardian ad litem. Ms. Davenport declares that she "[has] no interest adverse to that of [the plaintiff]."[9]

First, a preponderance of the evidence supports that the plaintiff is incompetent. Dr. Angelone's report and letter show that the plaintiff is at least unable to assist counsel in the preparation of the case. *See, e.g.*, *Golden Gate Way, LLC v. Stewart*, No. C 09-04458 DMR, 2012 WL 4482053, at *3 (N.D. Cal. Sept. 28, 2012) (finding an adult incompetent upon review of medical records).

---

[5] Am. Compl. – ECF No. 35 at 5 (¶ 17); Mot. – ECF No. 62 at 2.

[6] Angelone Letter & Report, Exs. 1–2 to Mot. – ECF No. 62-1 to -2.

[7] Angelone Report, Ex. 2 to Mot. – ECF No. 62-2 at 6.

[8] *Id.* at 7.

[9] Davenport Decl., Ex. 3 to Mot. – ECF No. 62-3 at 3 (¶ 8).

The defendants contend that more information is needed. They point out that the plaintiff did not move to appoint a guardian ad litem until over a year after filing the complaint, and that they have limited medical records.[10] The plaintiff responds that he has produced "nearly four thousand pages of medical records from both before and after the 2019" events at issue, and that the defendants did not identify any medical records showing that the plaintiff is not incompetent.[11] The court, in its discretion, rests on the existing record and finds the plaintiff incompetent by a preponderance of the evidence.

Second, Ms. Davenport is a suitable guardian ad litem for the plaintiff. She is not a party to the case, she is the biological mother of the plaintiff, and she is fully able to represent him.[12] The defendants do not argue that Ms. Davenport has any conflict. "[I]t is evident that the interests of [parent and child] are the same" here. *J.M.*, 2016 WL 4942999, at *1.

Finally, in their opposition, the defendants discussed deposing the plaintiff or obtaining a medical examination of him. To the extent the defendants want that discovery outside the context of the present motion, the parties may address it in the ordinary course. If they have a discovery dispute, it must be raised in accordance with the procedures in the court's standing order.

## CONCLUSION

The court grants the motion and appoints Kelley Davenport as guardian ad litem for the plaintiff. This resolves ECF No. 62.

**IT IS SO ORDERED.**

Dated: April 6, 2023

LAUREL BEELER
United States Magistrate Judge

---

[10] Opp'n – ECF No. 65 at 4.

[11] Reply – ECF No. 67 at 2.

[12] Davenport Decl., Ex. 3 to Mot. – ECF No. 62-3.

United States District Court
Northern District of California