UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SORRELL SHIFLETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>    Defendants. | Case No. 21-cv-07802-LB<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 90 |

**INTRODUCTION AND STATEMENT**

The plaintiff sued the City of San Leandro and two San Leandro police officers, Anthony Pantoja and Ismael Navarro, claiming excessive force and other civil-rights violations after Officer Pantoja struck him with a baton and Officer Navarro tased him during an encounter in October 2019. The plaintiff was mentally disabled as a result of a 2008 traumatic brain injury (TBI) and allegedly suffered significant additional injuries as a result of this incident, including brain bleeds, strokes, and a dislocated shoulder.[1]

---

[1] Am. Compl. – ECF No. 35 at 5–7 (¶¶ 17, 23–27) (facts about incident), 10–13 (¶¶ 33–47) (claims of excessive force, unlawful seizure, a Title II ADA violation, and a *Monell* claim). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents and, for depositions, to the numbers at the bottom in addition.

ORDER – No. 21-cv-07802-LB

The parties each moved for partial summary judgment. The defendants contend that the ADA and supervisory- and municipal-liability claims are not viable, and the plaintiff contends that he is entitled to summary judgment on his unlawful-seizure claim. The main evidence submitted by the parties is the deposition testimony of the plaintiff and the two officer defendants. The plaintiff's version of events differs markedly from the officers'.[2]

The court has federal-question jurisdiction. 28 U.S.C. § 1331. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1).[3] The court held a hearing on February 29, 2024. The court denies the motions other than the plaintiff's concession on claim four for supervisory and *Monell* liability.

**STANDARD OF REVIEW**

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.

---

[2] Mots. – ECF Nos. 105, 107.

[3] Consents – ECF Nos. 5, 12.

2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, then the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1103. "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Devereaux*, 263 F.3d at 1076 (cleaned up). If the non-moving party does not produce evidence to show a genuine issue of material fact, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.

In ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).

**ANALYSIS**

First, the plaintiff concedes the defendants' motion on claim four for supervisory and municipal liability under 42 U.S.C. § 1983. The court grants summary judgment to the defendants on that claim.

Second, the defendants contend that the plaintiff's ADA claim fails because the officers' actions were not because of the plaintiff's disability. But there is at least a genuine dispute, given the plaintiff's evidence that his disability is readily apparent. *Barber v. Guay*, 910 F. Supp. 790, 802 (D. Me. 1995) (denying summary judgment on an ADA claim in the context of an arrest where the plaintiff had evidence on his "psychological condition").

Third, the plaintiff contends that as a matter of law, the officers unlawfully seized him at the outset of the encounter. According to the plaintiff, the officers lacked reasonable suspicion to conduct a *Terry* stop at that point; they simply were responding to a call about two males walking up and down a residential street and they did not yet know that the plaintiff had a throwing knife. The plaintiff argues that there is insufficient evidence that he then told Officer Navarro that he had a knife.

There are again trial issues of fact here. There is a genuine dispute that the initial encounter was a detention of the plaintiff, because it was the plaintiff's cousin who was ordered to stand at a certain place and then was patted down. And there is a genuine dispute that the plaintiff mentioned a knife, given Officer Navarro's testimony.

In sum, the court denies the motions except as to the defendant's motion on claim four.

## CONCLUSION

The court denies the motions for summary judgment, except for the defendant's motion on claim four. This resolves ECF Nos. 105 and 107.

**IT IS SO ORDERED.**

Dated: February 29, 2024

LAUREL BEELER
United States Magistrate Judge